Breitel, J. (concurring).
I agree with the opinion by Judge Van Voorhis. I also agree that cases arising out of a sexual transaction or context involve a special peril of unreliable testimony on the part of the complainant, whether child or adult, male or female. The anomaly created by the applicable statutory rules is that if the assaultive offense does not culmi *191 nate in a defined sexual transaction, corroboration is not required to establish the crime, although the peril of falsehood is just as great, if not greater (see People v. Colon, 16 N Y 2d 988). This is just as repellent to any sense of logic or justice as the device of prosecuting and convicting for the assaultive offense by suppressing the allegations or the proof of the culminated offense in order to avoid the requirement of corroboration. It makes no more sense to acquit a defendant who raped without an eyewitness and hold in one who attempted to rape without an eyewitness.
There is a serious difficulty in this area of criminal law. It is an immature jurisprudence that places reliance on corroboration, however unreliable the corroboration itself is, and rejects overwhelming reliable proof because it lacks corroboration, however slight and however technical even to the point of token satisfaction of the rule. Quite often the corroboration supplied under the various rules in criminal law, and particularly in the sex cases, is weak indeed and supplies only a formalistic bridge over a very real and profound discomfort in such cases because of the many motivational or quasi-pathologieal reasons for distortion of the facts.
Indeed, Wigmore questioned the rationality of the corroboration requirement. Thus he said:
“ a rule of law requiring corroboration has probably little actual influence upon the jurors’ minds over and above that ordinary caution and suspicion which would naturally suggest itself for such charges; and the rule thus tends to become in practice merely a means of securing from the trial judge the utterance of a form of words which may chance to be erroneous and to lay the foundation for a new trial. Finally, the purpose of the rule is already completely attained by the judge’s power to set aside a verdict upon insufficient evidence, and under this power verdicts are constantly set aside, in jurisdictions having no statutory rule, upon the same evidence which in other jurisdictions would be insufficient under the statutory rule requiring corroboration.
“ The fact is that, in the light of modern psychology, this technical rule of corroboration seems but a crude and childish measure, if it be relied upon as an adequate means for determining the credibility of the complaining witness in such *192 charges. The problem of estimating the veracity of feminine testimony in complaints against masculine offenders is baffling enough to the experienced psychologist. This statutory rule is unfortunate in that it tends to produce reliance upon a rule of thumb.” (7 Wigmore, Evidence [3d ed.], § 2061, pp. 354-355.)
The Radunovic case in this group before the court is a prime example. The evidence of the People was all but overwhelming, but lacked technical corroboration. Defendant’s testimony supported much of complainant’s version. He admitted presence and sexual byplay. His denial of intercourse was on the whole record utterly incredible. Nevertheless, testimony of a victim of unquestioned professional standing bearing bruises on her thighs from defendant’s assaults, and bruises on her elbows when she fell to the floor in her struggle, confirmed by medical testimony as to her virginal status before the assault, must be rejected for lack of corroboration, anyone’s corroboration. At the same time, defendant admits all but the use of force, and the consummation of his wishes. Yet he told the police officer on arrest that the trouble arose from the demand by this school teacher victim that she be paid $15 for her favors, and that he had then kicked her out. It is difficult for a layman to understand such a result and it is just about as difficult for a lawyer.
A better principle, if the anomalous statutes did not control, would be that which obtains in many other areas of law where serious charges or claims can be made freely, the motivation for falsehood or occasion for inaccuracy is very great, and the disproof difficult. That principle, variously phrased, requires especially convincing and satisfying evidence, within the rubrics of proof beyond a reasonable doubt and the preponderance of evidence, to establish the operative facts in cases involving, for example, fraud, prostitutes, alleged gifts from the now-dead, alleged gifts between those in confidential relations, illegitimacy of birth, and filiation or bastardy .support.
But in the meantime, there is an obligation to obey the statutes although they produce injustice because very uneven justice is that, and rely on a primitive and unsuccessful effort to obtain greater certainty in difficult cases.